Dear District Attorney Kyzar:
This office is in receipt of your request for an opinion of the Attorney General in regard to removal from office of members of the Natchitoches Parish Tourist Commission prior to the expiration of their term of office.
You ask the following:
Whether a board member may be removed without cause;
If cause is required is it just cause for removal if a sitting board member was not properly nominated to serve by a private, non-profit association with an interest in tourism;
If no cause is required or if good cause exists what protocol or procedure should the Police Jury utilize, i.e. must the board member be given an opportunity to be heard prior to a vote on the issue by the Police Jury?
Pursuant to our telephone inquiry, it is our understanding that your questions are directed at the removal of members of the commission by the police jury.
Our research discloses that R.S. 33:4574 provides, pursuant to Article VI, Sections 19 and 30 to the Constitution of Louisiana, the commissions listed therein are created and include Natchitoches Parish Tourist Commission in section (u). It further provides that these commissions are "created as special district or commissions" and "each such commission shall be a body politic and a corporate and political subdivision of the state of Louisiana".
In Atty. Gen. Op. 04-0027 this office relied upon the cited statute and the referenced constitutional provisions for the conclusion that Tourist Commissions are each political subdivisions of the state and are separate from the local political subdivisions in which they operate. It then stated, while the directors of a Tourist Commission are appointed by the governing authority of the parish from lists of nominees submitted to them by private, non-profit groups that have an interest in one or more aspects of the tourism industry, the parish police jury has no authority to remove commission members as the legislature has provided for a fixed term of 3 years.
In the latter opinion, it was further observed that in Atty. Gen. Op. 01-29 this office previously addressed the issue of whether a police jury, which is given authority to appoint a member to a board or commission, has the authority to remove that individual before his term has expired. In Atty. Gen. Op. 01-29 several cases were cited, and after a review of these cases it was opined "if a term of office is fixed by the legislature, the police jury may not remove an individual from that office before his term expires."
Similarly, in response to the question if the Pointe Coupee Tourism Commission was independent of the parish governing authority, this office stated in Atty. Gen. Op 00-195 that except for the fact that the Commission members are appointed by the parish governing authority, the Pointe Coupee Parish Tourism Commission, being provided for in R.S. 33:4574 is independent of the governing authority as a "political subdivision of the state".
Accordingly, we must conclude again that the police jury has no authority over the Tourist Commission, and therefore, cannot remove a board member with or without cause.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By:_______________________
 BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr